RICHARD A. ALTMAN
Attorney for Plaintiffs
285 West Fourth Street
New York, New York 10014
212.633.0123

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DOSS, INC. and YOON YOUNG IM,

        Plaintiffs,        08-cv-10577 (LAP)

   -against-        **COMPLAINT**

CHRISTIES INC.,        Plaintiffs demand trial by jury.

        Defendant.

-----------------------------------------------------------x

Plaintiffs DOSS, INC. and YOON YOUNG IM, by their attorney Richard A. Altman, for their complaint against defendant, allege as follows:

1. This action seeks to recover damages arising from plaintiffs' purchase of an oil painting at an auction conducted by defendant. Plaintiffs recently learned of a claim to the painting by the descendants of its former owner, who assert that it was stolen from that owner during World War II by the Nazi regime during its occupation of Paris, France.

2. As a result of that claim, which appears legitimate, the painting has become unsaleable, and plaintiffs seek damages for the failure of defendant to have passed clear and good title when they originally sold it at auction in 1991.

1

**THE PARTIES, JURISDICTION AND VENUE**

3.  Plaintiff DOSS ,INC. ("Doss") is a corporation formed under the laws of the British Virgin Islands.

4.  Plaintiff YOON YOUNG IM ("Im") is a citizen of South Korea, and has a controlling interest in Doss. She resides in Seoul, South Korea.

5.  Defendant CHRISTIES INC. ("Christies") is, on information and belief, a New York corporation with a principal place of business at 20 Rockefeller Plaza, New York, NY 10020.

6.  This Court has jurisdiction of this action under 28 U.S.C. § 1332 in that it is between aliens of the United States and a citizen of the State of New York, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**FIRST CLAIM**
**(Breach of Warranty; U.C.C. §2-312)**

7.  Plaintiffs re-allege paragraphs 1 through 6.

8.  On or about May 9, 1991, plaintiffs, through an authorized agent, purchased an oil painting by French artist Marie Laurencin, entitled *Portrait* ("the Painting").

9.  Plaintiffs purchased the painting at an auction held by defendant Christies in the City of New York, for a total purchase price of $235,500, including the buyer's premium.

10. Plaintiffs paid the full purchase price and complied with all other conditions of sale, and took delivery of the Painting.

11. Defendant warranted that plaintiffs would acquire full right, title and interest to the Painting, free and clear of any and all encumbrances or defects in title.

12. By regulations imposed upon auctions conducted in New York City by its Department of Consumer Affairs, all auction sales contain a warranty of title, and no auctioneer may disclaim such warranty.

13. Section 2-312 of the Uniform Commercial Code contains a similar provision applicable in the case of the sale of goods.

14. Plaintiffs have continuously owned and possessed the Painting since then.

15. In 2006, plaintiffs, by an agent, consigned the painting for sale with the auction house of Sotheby's, in London, England.

16. During the course of their due diligence prior to selling the plaintiff, Sotheby's uncovered evidence that the painting was stolen by the Nazis from Paul Rosenberg, a well-known Paris art dealer, during the Second World War, while the Nazis occupied Paris.

17. The Painting was allegedly one of a large collection owned by Rosenberg.

18. The Rosenberg family's Paris counsel has made a demand of plaintiffs' Paris counsel for the return of the Painting, and plaintiffs expect that they will be sued for its return.

19. The knowledge of this significant cloud upon the Painting's provenance has rendered it unsaleable.

20. Sotheby's has informed plaintiffs that it will not sell the Painting and is in possession of it pending further proceedings or agreement between the interested parties.

21. Plaintiffs are not required to assess the validity of the claim of the Rosenberg family or to litigate against them in order to establish their title to the Painting, so long as that claim appears colorable.

22. The effect of the claim is to render the Painting unmarketable as stolen property.

23. In January 2008, plaintiffs' counsel informed defendant of the Rosenberg claim to the Painting and demanded that defendant investigate and make restitution to plaintiffs.

24. Defendant has ignored plaintiffs' demands and has not responded to this date, except to say that is investigating plaintiffs' claim.

25. Defendant has yet to inform plaintiffs whether it will make restitution or not.

26. Defendant's sale of the Painting was accompanied by a warranty that plaintiffs would acquire good and unencumbered title thereto.

27. The Rosenberg claim is a breach of that warranty.

28. Plaintiffs may be forced to return the Painting to its true owner and are unable to sell it.

29. Plaintiffs are entitled to recover the present value of the Painting plus their proximate damages incurred as a result of the defendant's breach of warranty of title, including a reasonable attorney's fee.

### SECOND CLAIM
### (Failure of Consideration)

30. Plaintiffs re-allege paragraphs 1 through 29.

31. The cloud on plaintiffs' title represents a failure of consideration, in that the Painting is valueless and cannot be sold for a fair market value so long as the Rosenberg claim exists.

32. Plaintiffs are entitled to rescind the contract pursuant to which they purchased the Painting and recover the present value of the sums paid to purchase it.

33. Plaintiffs are entitled to damages against defendant in the amount of the purchase price plus interest, the costs and disbursements of this action, and a reasonable attorney's fee.

## THIRD CLAIM
### (Mutual Mistake)

34. Plaintiffs re-allege paragraphs 1 through 29.

35. At the time of the purchase, plaintiffs and defendant both were informed and believed that the Painting was being sold and purchased free and clear of all defects and encumbrances in title.

36. Plaintiffs and defendant were mutually mistaken as to the absence of defects and encumbrances in title.

37. Neither plaintiffs nor defendant would have entered into a transaction to buy and sell the Painting had they known the true facts about the Painting's provenance as stolen property.

38. Plaintiffs are entitled to rescind the contract pursuant to which they purchased the Painting because of the parties' mutual mistake, and to recover the present value of the sums paid to purchase it.

39. Upon tender of the Painting back to defendant, plaintiffs are entitled to damages against defendant in the amount of the purchase price plus interest, the costs and disbursements of this action, and a reasonable attorney's fee.

## FOURTH CLAIM
### (Unjust Enrichment)

40. Plaintiffs re-allege paragraphs 1 through 29.

41. Defendant received from plaintiffs a substantial sum of money for a painting which is unmarketable.

42. If defendant were permitted to retain plaintiffs' money, they would be unjustly enriched.

43. Defendant should not in equity and good conscience be permitted to retain plaintiffs' money.

44. Upon tender of the Painting back to defendant, plaintiffs are entitled to the return of the consideration paid for the purchase of the Painting, plus interest, the costs and disbursements of this action and a reasonable attorney's fee.

## FIFTH CLAIM
### (Negligent Misrepresentation)

45. Plaintiffs re-allege paragraphs 1 through 29.

46. In selling the Painting at auction to plaintiffs, defendant warranted and represented that the Painting was being sold free and clear of any defects in title or encumbrances of any nature.

47. Defendant was aware that all bidders for the Painting would rely upon that warranty and representation.

48. Defendant intended that plaintiffs would rely on that warranty and promise in being the successful bidder for the Painting, and in paying the auction price plus buyer's premium therefor.

49. Plaintiffs did in fact rely upon that warranty and representation, and would not have bid on it had they known of the possibility that title to the Painting was not in fact clear and unencumbered.

50. The defendant possessed specialized knowledge and expertise in reviewing the provenance for the Painting, and in establishing that its history was untainted despite its having been present in Paris during the Nazi era.

51. On information and belief, the Painting was one of nearly one hundred paintings which had been owned by Rosenberg during the Nazi era.

52. The Painting is on a list of paintings which was prepared by the Rosenberg family in 1963, and which was circulated by the French Government around that time.

53. As part of defendant's due diligence in establishing the provenance of the Painting, a reasonably prudent auction house would have discovered that the Painting was on the list.

54. Plaintiffs were in privity of contract with defendant, in that once they were the successful bidder, there arose binding respective obligations on both parties to pay the bid price for the Painting, and to deliver clear and unencumbered title thereto.

55. Defendant was negligent in that it failed to conduct a proper investigation of the provenance of the Painting, and failed to discover the cloud on title created by the possibility that it had been stolen during the Nazi era.

56. It is well-known in the art world that a large number of works of art were stolen by agents of the Nazi regime between 1933 and 1945; estimates range up to twenty percent of all art present in Europe at the time.

57. The provenance of the Painting as reviewed by plaintiff's agent before bidding on it did not disclose the possibility that it had been stolen during those years.

58. Plaintiffs would not have purchased the Painting had they been informed of the Painting's true provenance.

59. Plaintiffs have been damaged by defendant's negligent misrepresentation that they would acquire clear and unencumbered title to the Painting, and the negligent omission of the Painting's true provenance.

60. Plaintiffs are entitled to the return of the consideration paid for the purchase of the Painting, plus interest, the costs and disbursements of this action and a reasonable attorney's fee.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

On their first claim, for the present value of the Painting, plus interest, costs and disbursements, and a reasonable attorney's fee;

On each of their second, third, fourth and fifth claims, for $235,500 plus interest, costs and disbursements and a reasonable attorney's fee;

Together with such other relief as may be just.

Dated: New York, New York
       December    , 2008

                              RICHARD A. ALTMAN
                              Attorney for Plaintiffs
                              285 West Fourth Street
                              New York, New York 10014
                              212.633.0123

RICHARD A. ALTMAN
Attorney for Plaintiffs
285 West Fourth Street
New York, New York 10014
212.633.0123

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DOSS, INC. and YOON YOUNG IM,

       Plaintiffs,                    08-cv-10577 (LAP)

    -against-

CHRISTIES INC.,
       Defendant.

----------------------------------------------------------x

**DISCLOSURE STATEMENT PURSUANT TO F.R.Civ.P. 7.1**

    Pursuant to F.R.Civ.P. 7.1, plaintiff Doss, Inc. states that it has no parent corporations and that no public corporation owns 10% or more of its stock.

                                                            /S/
                                                RICHARD A. ALTMAN